UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 06-10374-JLT |
| ) | |
| MONDHER TABOUBI, ) | |
| Defendant. ) | |

**PARTIAL FINAL ORDER OF FORFEITURE**
**($1,000.00 IN UNITED STATES CURRENCY)**

**TAURO, D.J.**

WHEREAS, on February 1, 2007, a federal grand jury sitting in this district returned an eleven-count Superseding Indictment charging Mondher Taboubi (the "Defendant") with Failure to Report Exporting of Monetary Instruments, in violation of 31 U.S.C. §§ 5316(a)(1)(A) and 5322(a) (Count One); Bulk Cash Smuggling, in violation of 31 U.S.C. § 5332(a) and (b) (Count Two); False Statements, in violation of 18 U.S.C. § 1001(a)(2) and (3) (Counts Three through Ten; and Obstructiong Agency Proceedings, in violation of 18 U.S.C. § 1505 (Count Eleven);

WHEREAS, the Superseding Indictment also included a Forfeiture Allegation, pursuant to 31 U.S.C. § 5317(c), which sought the forfeiture, upon conviction of the offense alleged in Count One of the Superseding Indictment of all property, real or personal, involved in the offense, and any property traceable thereto, including, but not limited to, $35,617.00 in United States Currency;

WHEREAS, in addition, the Forfeiture Allegation also sought the forfeiture, pursuant to 31 U.S.C. § 5332(b) and (c)(3), and upon conviction of the offense alleged in Count Two of the Superseding Indictment, of all property, real and personal, involved in the bulk cash smuggling offense(s), and all property traceable to such property, including, but not limited to, 1) the currency or other monetary instruments that were concealed or intended to be concealed; 2) any article, container or conveyance used, or intended to be used, to conceal or transport the currency or other monetary instrument; and 3) any other property used, or intended to be used, to facilitate the offense, in particular, a sum of money equal to $35,617.00 in United States Currency, representing the amount of money involved in the offense;

WHEREAS, the Forfeiture Allegation further provided that if any of the property described as being forfeitable to the United States, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without

difficulty, it is the intention of the United States, pursuant to 31 U.S.C. §§ 5317(c)(1)(B) and 5332(b)(3), incorporating 21 U.S.C. § 853(p), to seek forfeiture of any other property of the Defendant, up to the value of the property described in the Forfeiture Allegation of the Superseding Indictment;

WHEREAS, on August 24, 2007, the Defendant pled guilty to Counts One and Eleven of the Superseding Indictment, pursuant to a written plea agreement that he signed on August 24, 2007;

WHEREAS, in Section Nine of the plea agreement, the Defendant admitted that at least $7,500 in United States currency was involved in the failure to report exporting of monetary instruments in violation of 31 U.S.C. § 5316, as charged in Count One of the Superseding Indictment to which he pled guilty;

WHEREAS, the Defendant acknowledged and agreed that the $7,500 involved in the failure to report exporting of monetary instruments cannot be located upon the exercise of due diligence, or has been transferred or sold to, or deposited with, a third party, placed beyond the jurisdiction of the Court, substantially diminished in value, or commingled with other property which cannot be divided without difficulty, and accordingly, the Defendant agreed that the United States is entitled to forfeit as

"substitute assets" any other assets of the Defendant up to the value of the directly forfeitable assets;

WHEREAS, the Defendant further agreed in the written plea agreement to deliver, no later than two weeks prior to sentencing, a cashier's check in the amount of $7,500.00, made payable to the United States Treasury, and in the event the Defendant failed to make such a payment, the Defendant agreed that the United States will proceed with forfeiture of any other property of the Defendant, up to the value of $7,500.00;

WHEREAS, on May 7, 2008, the Defendant delivered a cashier's check, made payable to the United States Treasury in the amount of $2,500.00 in United States currency, to the United States, in partial satisfaction of the $7,500.00 that the Defendant had agreed to forfeit to the United States, pursuant to the terms of the written plea agreement;

WHEREAS, on June 19, 2008, and based on the May 7, 2008 partial payment towards satisfaction of the agreed upon forfeitable amount of $7,500.00, this Court endorsed a Money Judgment against the Defendant, whereby the Defendant is liable to forfeit $5,000 in United States currency;

WHEREAS, on June 20, 2008, the Defendant delivered a cashier's check, made payable to the United States Treasury in

4

the amount of $1,000.00 in United States currency (the "Currency"), to the United States, in partial satisfaction of the June 19, 2008 Money Judgment;

WHEREAS, there are no known third parties who might have any interest in the Currency; and

WHEREAS, the United States has moved for entry of a Final Order of Forfeiture against the Currency, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1. Based on the Defendant's guilty plea and his admissions in the written plea agreement, the United States has established the requisite nexus between the Currency and the offense to which the Defendant has pleaded guilty.

2. The United States' Motion for a Final Order of Forfeiture Against $1,000.00 in United States Currency is allowed.

3. The Currency is hereby forfeited to the United States, in partial satisfaction of the Money Judgment.

4. The United States Department of Homeland Security Bureau of Customs and Border Protection shall take custody of the

Currency, and shall dispose of it according to law and this Order.

DONE AND ORDERED in Boston, Massachusetts, this **24** day of **July**, 2008.

/s/ J. Tauro
JOSEPH L. TAURO
United States District Judge